UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICKIE STORM,<br><br>                Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; BRENT REINKE; CORRECTIONAL MEDICAL SERVICES; PHYSICIAN'S ASSISTANTS A-Z; DOCTORS A-Z; JEFF SHAHAN; IDAHO STATE CORRECTIONAL INSTITUTION; MEDICAL STAFF,<br><br>                Defendants. | Case No. 1:10-cv-000319-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Now before the Court are Plaintiff's Motion to Reconsider (Dkt. 41) and Plaintiff's Motion for Discovery (Dkt. 47). Plaintiff requests reconsideration of the Memorandum Decision and Order of November 22, 2011, and production of medical records. Defendants have filed a notice of non-opposition to Plaintiff's request to reconsider, but oppose Plaintiff's motion to compel discovery as premature. After

ORDER **- 1 -**

reviewing the record and being fully advised, the Court enters the following order granting Plaintiff's Motion to Reconsider and Plaintiff's Motion for Discovery.

## Background

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at Idaho State Correctional Institution (ISCI). Plaintiff suffers from arthritis in his lower back; bone spurs on the left side of his neck; and leg and back pain from a pinched sciatic nerve.  (Complaint, Dkt. 3-1 at 3–5). Plaintiff filed this civil rights suit under 42 U.S.C. § 1983 against the CMS Defendants.  (Id.) He alleges that he received inadequate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and state law negligence.  (Initial Review Order, Dkt. 7 at 2-4).  In the Initial Review Order, Magistrate Judge Boyle allowed Plaintiff to proceed with his Eighth Amendment claims against Defendants Correctional Medical Services and Jeff Shahan, the Health Services Administrator.  (Id.)

Since that time, both parties have engaged in significant motion practice, including a number of discovery motions and other informal requests by Plaintiff, and a Partial Motion to Dismiss by Defendants, which was granted on September 22, 2011.  (Dkt. 37) It is that Order that Plaintiff now asks the Court to reconsider.

## Motion to Reconsider

In granting Defendant's motion, the Court dismissed all of Plaintiff's claims except for those relating to physical therapy for his back.  (Id.)  Included in that Order, was dismissal of one of Plaintiff's claims that he should have received an MRI.  (Id.) This claim was dismissed on the grounds that Plaintiff had failed to properly exhaust his

ORDER **- 2 -**

administrative remedies.  (Id.)  Plaintiff requests review of this determination, arguing that he had in fact properly exhausted administrative remedies regarding the MRI claim. (Motion to Reconsider, Dkt. 41).

On November 8, 2011, Defendants filed their Response conceding that Plaintiff had properly exhausted.  (Dkt. 43)  Thus, Defendants agree with allowing Plaintiff's requested relief—that he may proceed with his claims relating to the MRI.  (Id.)  Without opposition and good cause appearing, Plaintiff's Motion for Reconsideration will be granted and he shall be allowed to proceed with those claims relating to the requested MRI (Grievance II 100000079).

## Motion for Discovery

On October 6, 2011, Defendants filed a Notice of Compliance with the Court. (Dkt. 40).  Therein, they state that "pursuant to the Court's Order … requiring disclosure of information and production of all relevant documents," Defendants provided Plaintiff with such documents on October 6, 2011.  (Id.)  However, Plaintiff claims that the medical records that have been turned over to him by Defendants were incomplete. (Motion for Discovery, Dkt. 47). Accordingly, he seeks a Court Order "to ensure he has all the documents needed and that Plaintiff [be] present when medical files [are] copied by Defendants."  (Id.).

Defendants resist such an order, arguing that "Plaintiff has failed to propound any discovery," and that a motion to compel is therefore premature and should be denied accordingly. (Response, Dkt. 49).  Defendants also point out that, on March 15, 2012, they supplemented the medical records given to Plaintiff, illustrating their willingness to

ORDER **- 3 -**

provide Plaintiff with discovery and the dubious nature of his discovery request. (Id.) Plaintiff does not dispute that he has not propounded any discovery, but states that he has relied on the Court's Order that Defendants deliver him a complete record and that he also requested, by letter, a complete file from Defense counsel on October 11, 2011, before filing his discovery motion. (Reply, Dkt. 52).

With regard to Plaintiff's medical files, the Court previously ruled that "[f]ormal discovery in such an instance would be wasteful, as Plaintiff is proceeding in forma pauperis," and that "[i]t is beyond dispute that a patient is entitled to copies of his own medical records …." (Order, Dkt. 37 at 11). It is unclear from the pleadings what holes exist in the medical records already provided to Plaintiff. However, Defendants do not refute Plaintiff's claims that the medical records given to him are incomplete. Accordingly, the Court will grant Plaintiff's motion. Defendants shall produce a complete copy of Plaintiff's medical records to Plaintiff within fourteen (14) days after entry of this Order or face possible sanctions. Given the logistical concerns of having Plaintiff personally present when records are copied, the Court will not require that he be present when they copied.

## ORDER

Accordingly, as set forth above, it is hereby ORDERED:

1) Plaintiff's Motion to Reconsider (Dkt. 41) is GRANTED;

2) Plaintiff's Motion for Discovery (Dkt. 47) is GRANTED;

3) Defendants shall produce a complete copy of Plaintiff's medical records within fourteen (14) days of the signing of this order.

DATED: April 23, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court